```
                    UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF NEW JERSEY

                                      )
    IN RE:                            )
                                      )     Bankruptcy Action
     JOSEPH J. RUPLE and              )     Case No.: 08-2744
     JULIA V. RUPLE, f/k/a            )
     JULIA V. PASHKOVSKAYA            )
    --------------------------
    FIA CARD SERVICES, N.A.,          )     ADV: 08-02720-GMB
    formerly MBNA AMERICA             )
    BANK, N.A.                        )
                                      )
              Plaintiff,              )
                                      )
    v.                                )
                                      )
    JULIA V. PASHKOVSKAYA,            )     Camden, New Jersey
                                      )     May 18, 2009
              Defendant.              )


                         TRANSCRIPT OF RULING
                 BEFORE THE HONORABLE GLORIA M. BURNS
                 UNITED STATES BANKRUPTCY COURT JUDGE

    APPEARANCES:

    For the Plaintiff:         KENNETH S. JANNETTE, ESQUIRE
                               Weinstein & Riley
                               14 Penn Plaza, Suite 1300
                               New York, New York 10122

    For the Defendant:         WILLIAM MACKIN, ESQUIRE
                               William Mackin, Esquire, PC
                               105 North Broad Street
                               P.O. Box 304
                               Woodbury, NJ 08096

    Audio Operator:            Mary Lampone

    Transcribed by:            DIANA DOMAN TRANSCRIBING
                               P.O. Box 129
                               Gibbsboro, New Jersey  08026-129
                               PHONE:  (856)435-7172
                               FAX:    (856) 435-7124
                               Email:  Dianadoman@comcast.net


    Proceedings recorded by electronic sound recording; transcript
    produced by transcription service.
```

Page 2

1       (Call to the Order of the Court)
2           THE COURT: FIA Card Services v. Pashkovskaya.
3   Appearances.
4           MR. MACKIN: Very good, Your Honor.
5           THE COURT: Close.
6           MR. MACKIN: William Mackin, representing defendant
7   Julia Pashkovskaya, now known as Julia Ruple.
8           MR. JANNETTE: Good morning, Your Honor. Weinstein &
9   Riley by Kenneth Jannette for the plaintiff FIA Card Services,
10  N.A.
11          THE COURT: Was that Janette?
12          MR. JANNETTE: I'm sorry?
13          THE COURT: Your last name.
14          MR. JANNETTE: Jannette.
15          THE COURT: Jannette. All right. You know when I
16  saw this come on the calendar, I should have done this by
17  telephone conference. And I, you know, I saw it and it was
18  already on the schedule for this morning.
19          MR. MAKIN: Okay.
20          THE COURT: I thought it was in the afternoon on
21  telephone conference. So I'm sorry that everybody had to wait
22  here for the time that we did this morning.
23          MR. JANNETTE: It has been an action-packed morning
24  here in Court.
25          THE COURT: Well you're welcome anytime that you want

Ruling                                                    Page 3

1   to -- all right, this is a very difficult matter, which I think
2   you can tell by the times that I've adjourned this and asked
3   for additional documentation and briefing.
4        You know, we find ourselves in a kind of unusual
5   situation with the way that the financial markets have
6   conducted themselves over the last, I don't know, year, couple
7   of years.
8        And it brings us to the matter, and I certainly think
9   it's -- it's in the debtor's interests for Mr. Mackin to bring
10  a matter before the Court, if he thinks that there's an
11  appropriate standing issue that needs to be brought up before
12  the Court.
13       And it's certainly not as clear as a bell, because of
14  the way that the parties conducted themselves during the course
15  of the time.
16       However, I am somewhat persuaded by the <u>Greer v.
17  O'Dell</u> matter in the Eleventh Circuit, which is similar to the
18  matter before the Court, but somewhat different.
19       It involves a different set of circumstances.  The
20  transfer and assignment of accounts, as opposed to the -- just
21  the securitization and further retention of the account, as we
22  have in our case before us.
23       But I think that the Eleventh Circuit's reasoning is
24  something that the Court can look at, as to whether there's
25  standing for a servicer to come before the Court, and whether

1  they have an interest enough to give them standing, and
2  proceeding in a matter to bring an adversary against the
3  debtor, as it is in this case.
4       And in the Greer v. O'Dell matter, the Court finds
5  that the real dispute is on the standing issue. Because there
6  really isn't any factual dispute with the witnesses that have
7  testified, similar to our -- in our case.
8       Because the debtor doesn't really have an expert to
9  say whether their factual procedures are different. It's
10 really a legal issue. Is there a legal basis for standing that
11 FIA has with regard to this case.
12      And in this case, FIA holds the account and
13 securitized the receivables from that account. Kind of a
14 virtual securitization that somebody in their infinite wisdom
15 came up with. But the fact of the matter is, FIA still retains
16 the account, and still retains the right to collect and proceed
17 on that account on behalf of the trust that it securitized it
18 by.
19      And I think that is enough to come within the frame
20 work set forth by the Eleventh Circuit in Greer v. O'Dell.
21      We're just telling it -- it indicates that the real
22 person -- real party interest principal is meant to identify
23 the person who possesses the right sought to be enforced. And
24 in that case, Max Flow possessed those rights.
25      Where Max Flow is obligated as a servicer to file a

Ruling                                              Page 5

1   proof of claim on MBNA's behalf, and retain counsel to defend
2   it, to collect payments, and to perform administrative services
3   with respect to the claim, gave them enough.
4              I know that Mr. Mackin brought out the fact that the
5   right to bring the action is in the hands of a creditor.
6   Creditor is broadly -- is defined as a party that has a claim.
7   Claim is broadly defined.  The Eleventh Circuit looks at the
8   matter and determines that it's broad -- claim is broad enough
9   to encompass the servicer, to give them the rights to come into
10  Court, sufficient standing to defend the claim and take all
11  required action on behalf of that claim.
12             I think the same standing argument can be made and is
13  made in this case, that by being a servicer, holding the
14  account and having the rights to collect that account on
15  behalf, and having a payment entitlement by virtue of its fees
16  in that case, is sufficient to give standing to FIA Card
17  Services to appear as the plaintiff in this case.
18             And, therefore, I'm going to deny the motion to
19  dismiss filed by the debtor defendant, and I would ask you, Mr.
20  Jannette, to submit an order in accordance with that.
21             Thank you for the work that you did in this case, on
22  both sides, which was extensive.
23             MR. MACKIN:  Thank you, Your Honor.
24             MR. JANNETTE:  Thank you, Your Honor.
25        (Court adjourned)

```
                                                              Page 6
 1                          * * * * *
 2                      C E R T I F I C A T I O N
 3    I, Josette Jones, court approved transcriber, certify that the
 4    foregoing is a correct transcript from the official electronic
 5    sound recording of the proceedings in the above-entitled
 6    matter.
 7
 8
 9
10
11      /s/Josette Jones            05/20/09
12    JOSETTE JONES                 DATE
13    DIANA DOMAN TRANSCRIBING
14
```